*In re* RECEIVERSHIP OF IOWA & MINNESOTA CONSTRUCTION Co.

(*Circuit Court, D. Iowa.*  ———, 1881.)

1. REMOVAL — PETITION OF INTERVENTION WITHOUT PROCESS NOT A "SUIT."

>    Before a suit is pending in a state court, for the purposes of the removal act, it must be a suit within the meaning of the state law, and the mere filing of a petition of intervention, without the issuing or service of notice or process of any kind, does not constitute a *suit* within the meaning of the law of Iowa.   Section 2599, Code of Iowa, 1873.

Motion to Remand.

The Iowa & Minnesota Construction Company is a corporation existing under the laws of Iowa.   On the second day of February, 1875, one L. Schoonover filed his petition in the circuit court of Jones county, Iowa, alleging that he had previously, as trustee for Stacy & Walworth, obtained judgment against said corporation for $3,759.57, which remains unpaid; that the capital stock of said corporation was $100,-000, and had been subscribed by certain persons who were named, and that said capital stock had not been paid in to a greater extent than 20 per cent. of the amount subscribed. It was further alleged that said corporation was insolvent, and that the petitioner could find no property or assets to satisfy the aforesaid judgment.   Thereupon the petitioner prayed to be appointed receiver of said corporation, with authority to take possession of the books and papers thereof, and to levy a sufficient assessment upon the stockholders to liquidate the liabilities of the company.   By an order of the judge, indorsed upon the petition, the same was set down for hearing on the first day of the March term, 1875, of the circuit court of Jones county, upon notice to be given to each stockholder and others interested by publication in a newspaper, and by mailing a copy to the reputed post-office address of each stockholder.   There is due proof of the publication and mailing of notices as required by the order of the judge, and on the second day of March, no one appearing for the stockholders, default was entered against them, and a

decree entered appointing the said Schoonover as receiver and fixing his bond at $5,000. Afterwards several assessments upon the stockholders were ordered by the court or by the judge in vacation for the payment of debts of the company, and several reports were made by the receiver and passed upon by the court, from some of which it appears that he had instituted suit against several of the stockholders, including F. E. Hinckley, A. B. Cox, J. Jamison, and George Boone. These proceedings were carried on in the Jones county circuit court, without any appearance on the part of the stockholders, until the third of November, 1879, when George Boone, John M. Whittaker, and Francis E. Hinckley filed their intervening petition, herein alleging that they are stockholders; that certain claims against the company are fraudulent; denying notice of the proceedings; besides numerous other allegations which need not be repeated here. By said petition they pray an accounting, and that the order for assessment upon the capital stock be set aside, as well as the order appointing Schoonover as receiver. Upon the filing of this intervening petition in vacation, and without notice to any one other than that which is afforded by the filing of the same, a petition and bond in this form were filed in the clerk's office of the state court for the removal of the cause to this court. The receiver now appears here and moves to remand.

Miller & Godfrey, for motion.

Geo. W. Kretzinger, contra.

McCrary C. J. As the case stood prior to the filing of the petition of intervention, which is in substance a bill of review, it was not removable under the act of March 3, 1875, because the time for removal had passed. The case had been pending in the state court over three years. The statute requires that the petition for removal shall be filed "before or at the time at which said cause could be first tried, and before the trial thereof." Section 3, act of March 3, 1875. If the cause is removable it must be upon the ground that the petition of intervention, or bill of review above named, is a suit within the meaning of the act. The language of the law is "that any suit of a civil nature, at law or in equity, now pending or here-

after brought in any state court," etc., may be removed. The sole question here is whether the mere filing of a petition under the state practice in a court of the state, without the issuing or service of notice or process of any kind, constitutes a suit within the meaning of the act. I am clearly of the opinion that it does not. Upon general principles I should say without hesitation that process is essential to the institution of a suit. In the very nature of the case it must be necessary to bring the party respondent into court before any step can be taken to change the forum, or for any other purpose affecting his right.

The reasons for this rule are too manifest to require statement here. But it is also clear that the "suit" must exist in the state court according to the state law before it is a suit removable under the act of congress. It must be a suit in which a judgment or decree could be rendered in that court, or some action taken affecting the rights of parties. In other words, it must be a suit commenced in the state court within the meaning of the state law. How, then, are suits to be commenced under that law? By section 2599 of the Code of Iowa, 1873, it is provided that "actions in a court of record shall be commenced by serving the defendant with a notice, signed by the plaintiff or his attorney, informing the defendant of the name of the plaintiff; and that, on or before a date therein named, a petition will be filed," etc. The term "action," under the statute of Iowa, is identical with the word "suit" in the act of congress. This step, or some other equivalent to it, must be taken before a suit is pending for the purposes of the removal act, unless, indeed, service be waived by a voluntary appearance.

The motion to remand is sustained.